Curia, per Johnston, Chancellor.
The position of the plaintiff is, that-he is, involuntarily and innocently, in possession of property to which he makes no claim, and may be vexed by having several processes, in the names of different claimants, going on against him at the same time: and he comes into Court, upon what has been recognized as the most obvious equity, to insist that those persons claiming that, to which he asserts no rights, should settle the contest among themselves, and not with him, or at his expense, or hazard. (Vide Langston vs. Boylston, 2 Ves. Jr. 1091.) It is not doubted that a bill of interpleader cannot be sustained by one who stands on the foot of a a wrong doer, nor by one who has obtained possession by *429 collusion, nor, in general,,by a person who holds, as the mere agent of the claimants, unless there be some degree of privity, between the claimants themselves. But neither wrong, nor collusion has been imputed to this plaintiff, nor has the case been sufficiently examined, to determine what privity of contract exists between those, to whom the plaintiff, considered as a private bailee, stands exposed at law. Where tlie case stands upon the possession of. a private person, there must, generally, be such a connection between the claimants, as to exhibit him in the light of a stake holder; and a factor, wharfinger, ware-house-man, or any other person, standing in this condition, may claim relief from the difficulties of his position. These are familiar cases; and bills have been sustained, as in the cases of Richard vs. Salter, (6 Johns Ch. R. 445.) Pearson vs. Cardon, (4 Sim. 218, sc. 6, Cond, E. C. R. 108,) where, although each claimant relied on a distinct right, one of them, by the nature of his claim, must be taken to have admitted, that he had put it in the power of the other to exhibit the property as his own: and thus impose an uneonscientious responsibility, upon third person. But where none of these circumstances obtain, a bill of inter-pleader will not, in general, lie; as was determined in Cooper vs. Tastel, (1 Talmyn, 177, sc. 5, Cond. E. Ch. R. 345. That was the case of a private ware-house-man, and the bill was dismissed. But a distinction was then taken, which has .been recognized and approved in all the authorities, and it must determine this case, independent of all considerations of privity. It is this, that where the ground of the bill is the possession of a public agent, who does not take possession at his own will, but has no option upon the subject, he shall be regarded, not as the agent of him who delivers the property, but as a stake holder for the true owner, whoever he may be. The ground of the distinction is stated by an eminent elementary author, (2 Story Com. Ch. 20, § 818,) to be the'policy of protecting public agents, in the discharge of their duty, from the burthens of suits, in which they have no interest, and have undertaken no private trusts. It appears to us, that the plaintiff is entitled to the benefit of this principle. He is the keeper of the work house in this city, and was *430 bound to receive the slave delivered to him, by Schroeder. This institution was, by the Act of 1768, (7 Stat. at Large, 91,). directed to be kept, exclusively, as a house of correction and confinement. By the Act of 1783, § 4. (7 St. at Large,, 98,) incorporating the city, the City Council were invested with authority, to make such Ordinances, <fcc. respecting negroes, as should appear to them requisite, for the conveniency of the said city, or for preserving peace, order, or good government within the same; ánd they did by Ordinances of the 8th of May, 1807, (City Laws, 255,) declare it to be “the duty of the master of the work house, to admit and confine in the same, all slaves delivered into his charge or custody, by order, or in behalf of ■ their respective owners,” and in a subsequent clause,-they provided for restricting chastisement within certain limits, when the object w'as not only confinement but correction. Now it appears to us, that the plaintiff had no option to refuse to receive the slave, when delivered to him by Schroeder; and it would be most rigorous to say, that acting in a public capacity, under a rule of duty so inexorable, he should be made the victim of contending parties. Bis case is not like that of a sheriff, who has an option, to act or not to act, and therefore, is a wrong doer, if he seizes property, not liable to.the process in his hands. ' Slingsby vs. Boulton, (1 Ves. and B. 334.) He stands, rather as a jailor, bound to receive fugitive slaves committed to his charge; and whose right to be-protected against- adverse claimants of the property placed in his custody, it is presumed, none will doubt. It is ordered, that the decree be set aside and. the case remanded to the Circuit Court for trial.
J. JOHNSTON,